IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| *Plaintiff*, § | CIVIL ACTION NO. |
| § | |
| v. § | |
| § | |
| § | JURY TRIAL DEMANDED |
| HOUSTON FAST FOODS § d/b/a POPEYE'S CHICKEN § | |
| § | |
| *Defendant*. § | |
| § | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, by Title I of the Civil Rights Act of 1991, to correct unlawful employment discrimination on the basis of sex and retaliation and to provide appropriate relief to a class of female employees, including but not limited to Amy Pratt and Christie Ratliff, who were adversely affected by Defendant Houston Fast Foods d/b/a Popeye's Chicken's unlawful practices. While employed by Defendant, Ms. Pratt, Ms. Ratliff and others were subjected to unwelcome comments, touching and propositions of a sexual nature and disparate terms, conditions and privileges of employment because of their sex, female. Females who complained about the sexual harassment suffered reduced hours and were discharged and constructively discharged by Defendant.

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, the United States District Court has jurisdiction over the subject matter of this civil action. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged in this complaint were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII , and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4. Defendant, Houston Fast Foods d/b/a Popeye's Chicken ("Defendant") is a corporation doing business in the State of Texas and the City of Houston, and has continuously had at least fifteen (15) employees. Defendant may be served by serving its registered agent for service of process, Farshad Family, 505 West Little York Street, Houston, Texas 77002.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Pratt and Ratliff filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled, including the filing of a timely charge of employment discrimination, and an attempt to conciliate the matter.

7. Since at least 2004, Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), at its Houston location.

8. Since at least 2004, Defendant engaged in unlawful employment practices, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), at its Houston location.

9. Since at least 2004, Defendant's manager Anwar "James" Iqbal ("Iqbal") subjected a class of female employees, including but not limited to Amy Pratt and Christie Ratliff, to unwelcome comments, touching and propositions of a sexual nature and disparate terms, conditions and privileges of employment because of their sex, female.

10. The conduct included, *inter alia*, Iqbal asking for sex, touching the women's breasts and buttocks, displaying pictures of a nude male, and grabbing his groin area while asking if the women "wanted some of this."

11. The female employees resisted Iqbal's sexual advances and complained about him to members of management to no avail.

12. After the females rejected Iqbal's advances and complained, Iqbal reduced their hours and discharged and constructively discharged the women, including but not limited to Amy Pratt and Christie Ratliff.

13. The effect of the practices complained of in the preceding paragraphs has been to deprive a class of female employees, including but not limited to Amy Pratt and Christie Ratliff, of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

14. The effect of the practices complained of in the preceding paragraphs has been to deprive a class of female employees, including but not limited to Amy Pratt and Christie Ratliff, of equal employment opportunities and otherwise adversely affect their status as employees because they opposed the sexual harassment and complained about Iqbal.

15. The unlawful employment practices of which the Commission complains in the preceding paragraphs were intentional.

16. The unlawful employment practices complained of in the preceding paragraphs were and are done with malice or reckless indifference to the federally protected rights of a class of female employees, including but not limited to Amy Pratt and Christie Ratliff.

## **PRAYER FOR RELIEF**

17. Wherefore, the Commission respectfully requests that this Court:

   A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

   B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any unlawful retaliation against individuals who oppose employment practices reasonably believed to be unlawful under Title VII, or against individuals who assist, encourage, and/or support others who oppose employment practices reasonably believed to be unlawful under Title VII;

   C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their sex, and which eradicate the effects of its past and present unlawful employment practices;

   D. Order Defendant, to make whole a class of female employees, including but not limited to Amy Pratt and Christie Ratliff by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices, including but not limited to reinstatement, or, in the alternative, to provide front pay.

E.  Order Defendant to make whole a class of female employees, including but not limited to Amy Pratt and Christie Ratliff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the preceding paragraphs.

F.  Order Defendant to make whole a class of female employees, including but not limited to Amy Pratt and Christie Ratliff by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in the preceding paragraphs, including emotional pain, inconvenience, and humiliation, in amounts to be determined at trial.

G.  Order Defendant to pay a class of female employees, including but not limited to Amy Pratt and Christie Ratliff punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

5

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507


/s/ Aimee L. McFerren
Aimee L. McFerren
Trial Attorney
Attorney-in-Charge
Kentucky Bar No.: 89912
Southern District No.: 36953
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1919 Smith Street, 7th Floor
Houston, Texas 77002-8049
(713) 209-3390
Fax: (713) 209-3402


OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002